# Exhibit A

*Docket, Complaint, Summons, Civil Information Sheet, and Initial Order and Addendum*

# District of Columbia Superior Court

# Docket for Case #: 2015 CA 009147B

HACKMAN, GLORIA vs. BAYER CORPORATION, Docket No. 2015-CA-009147 (D.C. Super. Ct. Nov. 23, 2015), Court Docket

## Current on Bloomberg Law as of Feb 3, 2016 10:18:30

## District of Columbia Superior Court
## Docket for Case #: 2015 CA 009147 B

## HACKMAN, GLORIA vs. BAYER CORPORATION

| | |
|---|---|
| **Date Filed:** | Nov 23, 2015 |
| **Status:** | Open |
| **Case Type:** | Civil II |
| **Disposition:** | Undisposed |

## Parties and Attorneys

| **Plaintiff** | **Attorneys and Firms** |
|---|---|
| HACKMAN, GLORIA | MIGLIACCIO, NICHOLAS A |

| **Plaintiff** | **Attorneys and Firms** |
|---|---|
| HACKMAN, GLORIA<br>Alias: GENERAL PUBLIC | MIGLIACCIO, NICHOLAS A |

| **Defendant** | **Attorneys and Firms** |
|---|---|
| BAYER CORPORATION<br>Alias: BAYER HEALTHCARE LLC | COHN, Mr JONATHAN F |

### Calendar

| Date | Time | Location | Description | Judge |
|---|---|---|---|---|
| Feb 26, 2016 | 09:00:00 | Courtroom 100 | Initial Scheduling Conference-60 | ROSS, MAURICE |

### Docket Entries

Reverse Entries

| BL Item # | Filing Date | Action | Description |
|---|---|---|---|
| | | | MANUALLY-COLLECTED COMPLAINT |
| BL-1 | Nov 23, 2015 | Request | Complaint for Deceit (Misrepresentation) Filed; Attorney: NIDEL, CHRISTOPHER (497059); GLORIA HACKMAN (Plaintiff); Receipt: 325428 Date: 11/24/2015 |
| BL-2 | Nov 24, 2015 | Request | Issue Date: 11/24/2015; Service: Summons Issued; Method: Service Issued; Cost Per: $; BAYER CORPORATION; 100 Bayer Rd.; PITTSBURGH, PA 15205; Tracking No: 5000167261 |
| BL-3 | Jan 12, 2016 | Request | Affidavit of Service of Summons & Complaint on BAYER CORPORATION (Defendant); Filed. Submitted 01/12/2016 10:48 jhcs.; BAYER CORPORATION (Defendant) |
| BL-4 | Jan 12, 2016 | Request | Proof of Service; Method : Service Issued; Issued : 11/24/2015; Service : Summons Issued; Served : 01/04/2016; Return : 01/12/2016; On : BAYER |

**Bloomberg Law**®

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

HACKMAN, GLORIA vs. BAYER CORPORATION, Docket No. 2015-CA-009147 (D.C. Super. Ct. Nov. 23, 2015), Court Docket

| | | | |
|---|---|---|---|
| | | | CORPORATION; Signed By :; Reason : Proof of Service; Comment :; Tracking #: 5000167261 |
| BL-5 | Jan 13, 2016 | Request | Consent Motion for 14-Day Extension of Time to Respond to Plaintiff's Complaint Filed. submitted 01/13/2016 16:12. ksc; Attorney: COHN, Mr JONATHAN F (476551); BAYER CORPORATION (Defendant); Receipt: 328918 Date: 01/14/2016 |
| BL-6 | Jan 13, 2016 | Request | Additional eFiling Document to Consent Motion for 14-Day Extension of Time to Respond to Plaintiff's Complaint Filed. submitted 01/13/2016 16:12. ksc; Attorney: COHN, Mr JONATHAN F (476551); BAYER CORPORATION (Defendant) |
| BL-7 | Jan 20, 2016 | Request | Order Granting Consent Motion for 14 Day Extension of Time to Respond (Answer) Complaint Entered on the Docket 1/20/2016. Signed by Judge Ross; E-filed and E-served on parties from chambers on 1/20/2019. (KR) |
| BL-8 | Jan 20, 2016 | Request | Order Granting Defendant Bayer Corporation's Consent Motion for 14 Day Extension of Time. Signed by Judge Ross on 01/20/2016. Submitted 01/20/2016 15:58 SV |

This does not constitute the official record of the court. The information is provided "as is" and may be subject to errors or omissions.

**Bloomberg Law**®

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service
// PAGE 2

# General Information

**Court**                   Superior Court of District Columbia

**Docket Number**           2015-CA-009147

**Status**                  Open

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

# Complaint

Filed
D.C. Superior Court
11/23/2015 17:34PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

GLORIA HACKMAN
*Individually and on Behalf of the*
*General Public*
27 O St., NW, Apt 212
Washington, DC 20001

Plaintiff,

v.

Bayer Corporation d/b/a Bayer
Healthcare LLC
100 Bayer Rd.
Pittsburgh, PA  15205-0707

Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No.:  **2015 CA 009147 B**
Judge:

**JURY TRIAL DEMANDED**

### PRIVATE ATTORNEY GENERAL COMPLAINT

**COMES NOW** Plaintiff Gloria Hackman, *Individually and on Behalf of the General Public*, by and through undersigned counsel, and pursuant to DC Code 28-3905 makes this Complaint against Defendant Bayer Corporation d/b/a Bayer HealthCare LLC ("Bayer"). In support of this Complaint, Plaintiff states the following:

### JURISDICTION

1. Exclusive subject matter jurisdiction of the Court is invoked pursuant to D.C. Code §28-3905(k)(2) (2013), and by virtue of the fact that all acts and omissions complained of occurred in the District of Columbia.

2. This Court has personal jurisdiction over each Defendant pursuant to D.C. Code § 13-423(a) and § 13-422.

3. Venue lies in the Superior Court of the District of Columbia as the cause of action arose in the District of Columbia.

## PARTIES

4. Plaintiff Gloria Hackman is an adult resident of the District of Columbia and a consumer and member of the general public.

5. Bayer is an Indiana corporation with its principal place of business in Pittsburgh, Pennsylvania.

## BACKGROUND

6. Each of the preceding paragraphs is incorporated by reference herein.

7. Defendant Bayer is a global chemical, healthcare and pharmaceutical company delivering a number of lines of branded healthcare and pharmaceutical products including Alka Seltzer and Aleve.

8. Bayer distributes and sells numerous pharmaceutical and healthcare products under the Bayer Healthcare line of products.

9. Bayer products are sold across the globe including in a variety of retail establishments in the District of Columbia, including Walmart.

10. These products are sold and purchased for personal use and consumption in the District of Columbia.

## NON-FUNCTIONAL SLACK-FILL AS A DECEPTIVE PRACTICE

11. Each of the preceding paragraphs is incorporated by reference herein.

12. The container for Bayer Aspirin Pain Reliever Low Dose 300 Coated Tablets is completely opaque and the material within the container is completely unable to be viewed by the consumer, such as Gloria Hackman, without first purchasing and then opening the container.

13. "Slack-fill" is the area of empty space in a consumer bottle or packaging.

2

14.   Non-functional slack-fill is a deceptive practice as it deceives the consumer as to the actual and comparative amount of product being sold in the provided packaging.

15.   Packages and their labels should enable consumers to obtain accurate information as to the quantity and quality of the contents and should facilitate value comparisons. When this information is obscured by oversized packaging it is deceptive and allows a person, manufacturer, or retailer to mislead consumers such as Gloria Hackman.

16.   The empty space in these containers serves no function or purpose (hereinafter "non-functional slack fill") other than to mislead consumers such as Gloria Hackman.

17.   The following products, hereinafter the "slack-filled supplements," are deceptive as a result of the fact that they are sold in opaque containers and have a significant amount of non-functional empty space in the package and, as such, a consumer, such as Gloria Hackman, is deceived.

19.   Packages and their labels should enable consumers to make informed purchasing choices and should not be deceptive or misleading in any way.

**PURCHASE**

26.   Each of the preceding paragraphs is incorporated by reference herein.

27.   On or about November 2, 2015, Plaintiff Gloria Hackman purchased Bayer Aspirin Pain Reliever Low Dose 300 Coated Tablets at the Walmart at 99 H Street, NW, Washington, D.C. 20001.

28.   This product was sold in a container that was completely opaque.

30.   This package was sealed and unable to be opened and inspected prior to purchase.

31.   Gloria Hackman purchased these products for testing and evaluation purposes on her behalf and for the general public.

3

32.    Upon opening and inspecting the items, Gloria Hackman found non-functional slack-fill in the product container.

33.    The product's packaging is a deceptive and unlawful trade practice due to the non-functional slack-fill within the packaging.

34.    Upon information and belief, Bayer has sold numerous bottles of Bayer Aspirin Pain Reliever Low Dose 300 Coated Tablets in the District of Columbia.

35.    Upon information and belief, Bayer sells its products in the District of Columbia through a number of distributors and retailers to the general public.

36.    Bayer has marketed, advertised, and sold Bayer Aspirin Pain Reliever Low Dose 300 Coated Tablets directly or indirectly (through websites, Walmart stores, and other retail outlets) to the general public of the District of Columbia.

37.    The packaging of Bayer Aspirin Pain Reliever Low Dose 300 Coated Tablets is inherently deceptive as detailed herein and therefore also contrary to the expectations imparted by Defendant through its representations and omissions to consumers, including Gloria Hackman.

38.    Plaintiff acts for the benefit of the General Public as a Private Attorney General for claims in this action arising under the DCCPPA, which expressly authorizes an individual to act "on behalf of both the individual and the general public ... seeking relief from the use of a trade practice in violation of a law of the District when that trade practice involves consumer goods or services that the individual purchased...." D.C. Code § 28-3905(k)(1)(B).

## UNLAWFUL AND DECEPTIVE TRADE PRACTICE – DC Code § 28-3905
### Count I

39.    Each of the preceding paragraphs is incorporated by reference herein.

4

40.  Plaintiff Gloria Hackman on behalf of herself as an individual and on behalf of the general public files this action pursuant to D.C. Code § 28-3905(k) (2013).

41.  The slack-filled product that Gloria Hackman purchased for the purpose of testing each contained non-functional slack-fill that is an unlawful and deceptive trade practice pursuant to DC Code § 28-3904 in that Defendant:

   a.  Misrepresents a material fact regarding the product's contents that tends to mislead by implying that the product filled the entire package;

   b.  Fails to state a material fact regarding the product's contents that tends to mislead by implying that the product filled the entire package;

   c.  Uses innuendo or ambiguity as to a material fact regarding the product's contents, which has a tendency to mislead by implying that the product filled the entire package;

   d.  Represents that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have;

   e.  Sells consumer goods in a condition or manner not consistent with that warranted by operation of sections 28:2-312 through 318 of the District of Columbia Official Code, or by operation or requirement of federal law;

   f.  Otherwise misleads.

44.  Sale of products in such packages is an unlawful and deceptive trade practice under § 28-3904 for materially misleading the consumer as to the amount of product that is being purchased.

45.   These material misrepresentations affect the general public's ability to comparison shop by materially misleading the amount and/or quality of product within the package of the product sold.

46.   The misrepresentation of this material fact has a tendency to mislead by implying that the product filled the entire package.

47.   Defendant intentionally made these misrepresentations knowing that they had the tendency to mislead consumers, such as Gloria Hackman.

48.   Sale of products in such packages with non-functional slack-fill constitutes an unfair trade practice.

49.   As a result of this unfair and deceptive trade practice, Gloria Hackman seeks statutory damages, punitive damages, injunctive relief, and reasonable attorney's fees solely for herself.

50.   As a result of this unfair and deceptive trade practice, Gloria Hackman seeks on behalf of the general public:

    a.   An injunction against Bayer, including that Bayer be barred from producing, manufacturing, packaging or selling its Bayer Aspirin Pain Reliever Low Dose 300 Coated Tablets with non-functional slack-fill in the District of Columbia; and

    b.   Reasonable Attorney's fees.

50.   WHEREFORE, Plaintiff Gloria Hackman on behalf of herself as an individual and on behalf of the general public, makes this Complaint for all damages specified above including injunctive relief and individual monetary damages specified herein and believed to be in excess of the jurisdictional amount.

Dated: November 23, 2015

Respectfully submitted,

NIDEL LAW, P.L.L.C.

Christopher T. Nidel, Esq., Bar No. 497059
1615 New Hampshire Ave, NW
Washington, DC 20009
chris@nidellaw.com
202-558-2030 (Tel.)


MIGLIACCIO LAW FIRM, P.L.L.C.
Nicholas A. Migliaccio, Esq.,
Bar No. 484366
438 16th Street, SE
Washington, DC 20003
Office: (202) 470-3520
Fax: (202) 800-2730
nmigliaccio@classlawdc.com

# Summons

Filed
D.C. Superior Court
12/28/2015 08:15AM
Clerk of the Court



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Gloria Hackman, Individually and on Behalf of the
General Public
_____
                                              Plaintiff

vs.                                      Case Number    2015 CA 009147 B

Bayer Corporation d/b/a Bayer
Healthcare LLC
_____
                                              Defendant

### SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Christopher T. Nidel
_____              *Clerk of the Court*
Name of Plaintiff's Attorney

1615 New Hampshire Ave, NW
_____              By _____
Address                                                    Deputy Clerk
Washington, DC 20009
_____

202-558-2030
_____              Date    **12/21/2015**
Telephone

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

Gloria Hackman, Individually and on Behalf of the General Public
_____
Demandante

contra

Número de Caso:  2015 CA 009147 B
_____

 Bayer Corporation d/b/a Bayer  Healthcare LLC
_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Christopher T. Nidel
_____
Nombre del abogado del Demandante

1615 New Hampshire Ave, NW
_____
Dirección
 Washington, DC 20009
_____

202-558-2030
_____
Teléfono

_SECRETARIO DEL TRIBUNAL_

Por: _____
                                     Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요          የአማርኛ ትርጉም ለማግኘት፡ (202) 879-4828 ይደውሉ·

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA.  SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO.  SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Civil Information Sheet

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

### INFORMATION SHEET

Gloria Hackman, Individually and on
Behalf of the General Public

Case Number: 2015 CA 009147 B

Date: 11/23/15

vs

Bayer Corporation d/b/a Bayer Healthcare LLC

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* <br> Christopher T. Nidel | Relationship to Lawsuit |
| Firm Name: <br> Nidel Law PLLC | ☒ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.:         Six digit Unified Bar No.: <br> 202-558-2030             497059 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury          ☐ 6 Person Jury          ☒ 12 Person Jury

Demand: $_____          Other: <u>injunctive relief and individual monetary</u> damages
specified and believed to be in excess of the
PENDING CASE(S) RELATED TO THE ACTION BEING FILED          jurisdictional amount

Case No.:_____     Judge: _____     Calendar #:_____

Case No.:_____     Judge: _____     Calendar#:_____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty         ☐ 17 OVER $25,000 Pltf. Grants Consent   ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument      ☐ 27 Insurance/Subrogation           ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                 Over $25,000 Pltf. Grants Consent       Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation          ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees              Under $25,000 Pltf. Grants Consent      Under $25,000 Consent Denied
                                ☐ 28 Motion to Confirm Arbitration
                                    Award (Collection Cases Only)

---

**B. PROPERTY TORTS**

☐ 01 Automobile                 ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                 ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

---

**C. PERSONAL TORTS**

☐ 01 Abuse of Process           ☐ 10 Invasion of Privacy           ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection    ☐ 11 Libel and Slander                  Not Malpractice)
☐ 03 Assault and Battery        ☐ 12 Malicious Interference        ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution       ☐ 19 Wrongful Eviction
☒ 05 Deceit (Misrepresentation)  ☐ 14 Malpractice Legal           ☐ 20 Friendly Suit
☐ 06 False Accusation           ☐ 15 Malpractice Medical (Including Wrongful Death)   ☐ 21 Asbestos
☐ 07 False Arrest               ☐ 16 Negligence- (Not Automobile,    ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                          Not Malpractice)              ☐ 23 Tobacco
                                                                  ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

## II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

## D. REAL PROPERTY

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_(signature)_

Attorney's Signature

December 18, 2015

Date

CV-496/ June 2015

# Initial Order and Addendum



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

GLORIA HACKMAN
    Vs.                       C.A. No.       2015 CA 009147 B
BAYER CORPORATION

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MAURICE ROSS
Date:  November 24, 2015
Initial Conference: 9:00 am, Friday, February 26, 2016
Location:  Courtroom 100
         500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc